UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **TANDY BASWELL, Individually and on behalf of all others similarly situated** § § § § | Civil Action No. 7:20-cv-00055 |
| *Plaintiff,* § § | JURY TRIAL DEMANDED |
| v. § § | |
| **LEGEND ENERGY GROUP, LLC** § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendant.* § § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Tandy Baswell ("Plaintiff" or "Baswell") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class members" or "Plaintiff and the FLSA Collective Members") who worked for Legend Energy Group, LLC ("Defendant" or "Legend"), at any time during the relevant statutes of limitation through the final disposition of this matter, seeking all available relief, including unpaid back wages, overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his New Mexico state law claims are asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to New Mexico state law.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Legend anywhere in the United States within their relevant statutes of limitations through the final disposition of this matter and have been paid for some but not all hours worked, and were not paid any overtime.

3. Legend improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Although Plaintiff and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Legend not to pay overtime compensation (or for all hours worked) was neither reasonable nor in good faith.

6. Legend knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not perform work that meets the definition of exempt work under the FLSA or the NMMWA.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to

recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and Plaintiff Baswell be designated as the Class Representative.

## II.
## THE PARTIES

11. Plaintiff Tandy Baswell ("Baswell") worked for Legend in Texas and New Mexico during the relevant time period. Plaintiff Baswell did not receive overtime compensation for all hours worked in excess of forty (40) hours each workweek.[1]

12. The FLSA Collective Members are those similarly situated employees who worked for Legend at any time from March 4, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Baswell worked and was paid.

13. The New Mexico Class Members are those similarly situated employees who worked for Legend, in the State of New Mexico, at any time from March 4, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Baswell worked and was paid.

14. Legend Energy Group, LLC ("Legend") is a foreign limited liability company and may be served through its registered agent for service: **Robert Abrusley, 201 West Vermilion, Suite 201, Lafayette, Louisiana 70501**.

---

[1] The written consent of Tandy Baswell is attached hereto as Exhibit A.

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

17. This Court has personal jurisdiction over Legend because the cause of action arose within this District as a result of Legend's conduct within this District.

18. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Legend has a working presence throughout Western Texas (and New Mexico) and Plaintiff Baswell worked in Ector County, Texas (and New Mexico) during his employment with Legend, which is located in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Legend is an oilfield service company and provides services for its clients in the oil and gas industry throughout Texas, Louisiana, and New Mexico.

22. Plaintiff Baswell worked exclusively for Legend as a Torque Hand from approximately July 2019 until September 2019.

23. Plaintiff Baswell worked for Legend as a Torque Hand in Texas and New Mexico.

24. Legend paid Plaintiff Baswell a day rate and an hourly rate. Specifically, Plaintiff Baswell was paid $300 per day worked plus an hourly rate of $15.00 per hour for each hour worked over 24-hours in a single shift, but still did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25. As a Torque Hand for Legend, Plaintiff Baswell's primary job duties included tracking, recording, and monitoring of flange management activities, including bolting tension and torqueing, support for on-site leak testing, as well as the inspection and quality assurance of bolt-tightening tools.

26. Plaintiff and the Putative Class Members conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Legend and/or its clients.

27. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Legend and/or its clients.

28. Virtually every job function was pre-determined by Legend and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties.

29. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

30. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

31. Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

32. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are ***not exempt*** from overtime, Legend did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) each workweek.

33. Legend determined the hours Plaintiff and the Putative Class Members worked.

34. Legend set Plaintiff and the Putative Class Members' rate of pay and controlled the number of hours they worked.

35. Legend set all employment-related policies applicable to Plaintiff and the Putative Class Members.

36. Legend maintained control over pricing and marketing.

37. Legend also chose equipment and product suppliers.

38. Legend owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

39. Legend had the power to hire and fire Plaintiff and the Putative Class Members.

40. Legend made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision not to pay Plaintiff and the Putative Class Members overtime for all hours worked over forty each week.

41. Legend reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the tools and equipment Plaintiff Baswell used while on location.

42. Plaintiff and the Putative Class Members did not employ their own workers nor were they allowed to employ their own workers.

43. Plaintiff and the Putative Class Members worked continuously for Legend on a permanent full-time basis.

44. Legend, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies.

45. Moreover, Legend paid operating expenses like rent, payroll, marketing, insurance, and bills.

46. Plaintiff and the Putative Class Members relied on Legend for their work.

47. Plaintiff and the Putative Class Members did not market any business or services of their own.

48. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Legend, performed duties assigned by Legend, worked on projects assigned by Legend, and worked for the benefit of Legend and its customers.

49. Legend paid Plaintiff and the Putative Class Members on a weekly basis.

50. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of his own.

51. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days and/or hours they were allowed to work, which was controlled by Legend and/or its customers.

52. Legend improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Legend for their work.

53. The FLSA and the NMMWA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

54. Plaintiff Baswell regularly worked in excess of forty (40) hours per week but never received overtime compensation.

55. Accordingly, Legend's pay policies and practices blatantly violated the FLSA and the NMMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR LEGEND ENERGY GROUP, LLC, AT ANY TIME FROM MARCH 4th, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

58. At all times hereinafter mentioned, Legend has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Legend has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Legend has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. During Plaintiff and the Putative Class Members' employment with Legend, they provided services for Legend that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the Putative Class Members were **<u>non-exempt</u>** employees who worked for Legend during the relevant statutes of limitation and were engaged in oilfield services that were directly essential to the production of goods for Legend and related oil and gas companies. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

65. In violating the FLSA, Legend acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Legend violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times their regular rate(s).

68. Plaintiff and the Putative Class Members have suffered damages and continue to suffer damages as a result of Legend's acts or omissions as described herein; though Legend is in possession and control of necessary documents and information from which Plaintiff and the Putative Class Members would be able to precisely calculate damages.

69. Moreover, Legend knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and the Putative Class Members overtime compensation. 29 U.S.C. § 255(a).

70. Legend knew or should have known its pay practices were in violation of the FLSA.

71. Legend is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

72. Plaintiff and the Putative Class Members, on the other hand, are unsophisticated laborers who trusted Legend to pay overtime in accordance with the law.

73. The decision and practice by Legend to not pay overtime was neither reasonable nor in good faith.

74. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Legend's employees throughout the United States who have been similarly situated to Plaintiff Baswell with regard to the work they performed and the manner in which they were paid.

77. Other similarly situated employees of Legend have been victimized by Legend's patterns, practices, and policies, which are in willful violation of the FLSA.

78. The FLSA Collective Members are defined in Paragraph 57.

79. Legend's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Legend, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

80. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

81. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

82. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

83. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

84. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Legend will retain the proceeds of its violations.

85. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

86. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A. NMMWA COVERAGE**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The New Mexico Class is defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR LEGEND ENERGY GROUP, LLC, IN THE STATE OF NEW MEXICO, AT ANY TIME FROM MARCH 4th, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("New Mexico Class" or "New Mexico Class Members").**

89. At all times hereinafter mentioned, Legend has been an employer within the meaning of the NMMWA.

90. At all times hereinafter mentioned, Plaintiff Baswell and the New Mexico Class Members have been employees within the meaning of the NMMWA.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

91. All previous paragraphs are incorporated as though fully set forth herein.

92. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

93. Plaintiff Baswell and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

94. Plaintiff Baswell and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Legend violated the NMMWA by failing to pay Plaintiff Baswell and other class members any overtime premium for hours worked over forty (40) per week.

95. Plaintiff Baswell and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Legend's acts or omissions as described herein; though Legend is in possession and control of necessary documents and information from which Plaintiff Thompson and the NMMWA Class Members would be able to precisely calculate damages.

96. In violating the NMMWA, Legend acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

97. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the NMMWA, is defined in Paragraph 88.

98. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Legend.

**C.     NMMWA CLASS ALLEGATIONS**

99.     Plaintiff Baswell brings his NMMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Legend to work in New Mexico since March 4th, 2017.

100.     Class action treatment of Plaintiff Baswell's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

101.     The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

102.     Plaintiff Baswell is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

103.     Plaintiff Baswell and his counsel will fairly and adequately represent the class members and their interests.

104.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

105.     Accordingly, the New Mexico Class should be certified as in Paragraph 88.

## VI.
## RELIEF SOUGHT

106.     Plaintiff respectfully prays for judgment against Legend as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 57 and requiring Legend to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

      b.      For an Order certifying the NMMWA Class as defined in Paragraph 88, and designating Plaintiff Baswell as Representative of the NMMWA Class;

      c.      For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order pursuant to Section 16(b) of the FLSA finding Legend liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      e.      For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Baswell a service award, as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Legend, at Legend's own expense;

      k.      For an Order providing for injunctive relief prohibiting Legend from engaging in future violations of the FLSA and the NMMWA, and requiring Legend to comply with such laws going forward; and

      l.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 4, 2020              Respectfully submitted,

                                              **ANDERSON ALEXANDER, PLLC**

By:     */s/ Clif Alexander*
       **Clif Alexander**
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Lauren E. Braddy**
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***